IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL E. MANUEL, | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CV181 |
| | ) | |
| v. | ) | |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION, | ) | MEMORANDUM AND ORDER ON |
| Michael J. Astrue, Commissioner, | ) | PLAINTIFF'S MOTION FOR ATTORNEY |
| | ) | FEES PURSUANT TO 28 U.S.C. § |
| Defendant. | ) | 2412(D)(1)(B) |
| | ) | |

Now before me is Plaintiff Michael Manuel's motion for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (See filing 21.) The plaintiff requests a fee award in the amount of $6241.00 and reimbursement of the $350.00 filing fee. (See id. ¶¶ 7-8.) For the following reasons, I find that the plaintiff's motion will be granted in part.

The EAJA authorizes an award of "fees and other expenses" to a "prevailing party" in a case against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The defendant does not dispute that the plaintiff is a "prevailing party" within the meaning of the EAJA. Nor does the defendant claim that his position was "substantially justified" or that "special circumstances make an award unjust." Indeed, the "[d]efendant does not contest the award of attorney fees in the total amount of $6241.00," (filing 25 at 1), and he does not dispute that the plaintiff is entitled to recover the filing fee, (see id. at 1-3). The defendant does argue, however, that the filing fee is a cost that should be awarded separately from the fee. (See id. at 2 (explaining that an award of attorney's fees would be paid by the Social Security Administration, while costs would be paid from the Judgment Fund administered by the Department of the Treasury).)

I find that the plaintiff's counsel's expenditure of 37.6 hours of work on this case was reasonable. (See filing 22, Ex. A.) I also find that counsel's request for an hourly rate of $166,

1

which is supported by uncontested proof of an "increase in the cost of living," is reasonable. 28 U.S.C. § 2412(d)(2)(A)(ii); see also Johnson v. Sullivan, 919 F.2d 503, 505 (8th Cir. 1990) ("We hold that where, as here, an EAJA petitioner presents uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the amount specified in the EAJA], enhanced fees should be awarded."). Therefore, the plaintiff's request for attorney's fees in the amount of $6241.00 is granted.

It appears that the plaintiff filed a Bill of Costs on May 15, 2008, in which he claimed $350.00 for "Fees of the Clerk." (See filing 23.) This cost has now been taxed against the defendant. (See filing 26.) Because the plaintiff is not entitled to "double recovery" of this cost, Sorich v. Shalala, 838 F. Supp. 1354, 1360 n.9 (D. Neb. 1993), his request for costs in the amount of $350.00 is denied.

**IT IS ORDERED** that the plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act, filing 21, is granted in part, and the plaintiff is awarded attorney's fees in the amount of $6241.00, with the amount to be made payable to plaintiff's counsel.

Dated June 17, 2008.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge